UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METRO LIGHT AND POWER LLC,<br><br>Plaintiff,<br><br>v.<br><br>FURNLITE, INC.,<br><br>Defendant. | CASE NO. 1:24-cv-03713 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF NEW YORK UNFAIR COMPETITION LAWS**

1. Plaintiff Metro Light & Power LLC (hereinafter "Metro"), by its attorneys Bradley Arant Boult Cummings, LLP, and Spencer Fane LLP, brings this action against Furnlite Inc. (Defendant, hereinafter "Furnlite") and alleges, upon information and belief, as follows:

2. Furnlite has infringed and continues to infringe upon Metro's exclusive rights protected by U.S. Copyrights VAu 1-523-473, "One Unpublished Website Owned by MLP," (Reg. Eff. April 15, 2024) (the **"473 Copyright,"** attached hereto as **Exhibit 1**); and VAu 1-523-017, "A Single Six Page Unpublished Illustration featuring MLP Bezel Configurations and Specs" (Reg. Eff. April 5, 2024) (the **"017 Copyright,"** attached hereto as **Exhibit 2**), by copying, without authorization Metro's copyrighted photographs and images, and making, offering for sale, and selling, without authorization, derivative photos, images and works based on Metro's copyrighted photos and images.  17 U.S.C. §§ 106, 113(a), 501.  Furnlite has also violated New York unfair

competition law for its bad faith misappropriation of Metro's New York goodwill based on its thin bezel face plates and furniture power distribution units ("FPDUs").[1]

## INTRODUCTION

3.  This case deals with the cover or face plates used as decorative accessories for power outlets and data ports ("outlets") added to hotel furniture to meet guests' increasing demand for more places to "plug in." Hotels, architects, and designers use furniture power distribution units, or FPDUs, to build the outlets into guest room furniture. A FPDU is a box installed in a piece of furniture that contains electrical components and outlets. Face plates are used as accent pieces to improve the aesthetics of the outlets.

4.  In or about 2015, Metro designed and introduced a thin bezel face plate that fits around and between the outlets of an FPDU, (see below, from Ex. 1, p. 1). The product has

 

appeared and continues to appear on Metro's website in multiple configurations and colors. These products are artistic design elements that integrate the outlets into the décor of the room and/or the

---

[1] Metro's copyright and bad faith misappropriation claims are different. Metro does not assert Furnlite's FPDUs are copies of Metro products. But if Metro's New York unfair competition claim for misappropriation of its goodwill is found to be preempted by Copyright law, 17 U.S.C. § 301, then Metro pleads this claim in the alternative to any copyright law claim. *ID Tech LLC v. Bayam Group, Inc.* 2023 WL 2688290 at *7-8 (S.D.N.Y. 2023)(Discussing and citing to cases on copyright preemption of New York unfair competition claims).

2

furniture piece. No one else in the industry made or marketed thin bezel face plates like Metro's design[2] prior to Furnlite's infringement.

5. Metro has worked and invested to make its thin bezel face plate an increasingly popular aesthetic design element. In addition, Metro's FPDUs are high quality products, and are important to Metro's New York goodwill. Typically, Metro sells FPDUs and face plates as companion pieces. If a hotel, architect, or design firm were to choose Furnlite's thin bezel face plate for a project, this would cause Metro to lose sales of both face plates and companion FPDU products (such a "design win" for Furnlite causes harm to Metro). The overwhelming majority of Metro's revenue is from New York sales.

6. The copyrighted images include photographic images, drawings and descriptions of the Metro thin bezel face plate products, which are shown in the copyright registrations. The photographic images are in VAu 1-523-043, One Unpublished Website Owned by MLP, Ex. 1 (the "043 Copyright"). The drawings are in VAu 1-523-017, A Single Six Page Unpublished Illustration featuring MLP Bezel Configurations and Specs", Ex. 2. Both sets of copyrighted materials have been available on Metro's website since at least 2022.

7. Comparison of Furnlite's thin bezel face plate product with Metro's copyrighted materials show that Furnlite's product is identical or nearly so to Metro's design, which raises a strong presumption of copying. Below left are images from Metro's website as they appear in Exhibit 1 (043 copyright). When compared to the image to their right of a Furnlite thin bezel face plate (as installed on a gray board), they are so similar that copying is apparent. (Face plates and FPDUs may be installed on wood panels for display to potential customers, often called "display

---

[2] Metro's thin bezel face plate is designed to be installed flush with the surface of the furniture as shown on pages by the images above from the first page of the website, Exhibit 1.

panels" or "display boards". In the images in this complaint, Furnlite's display board provides a gray background).





8. Comparisons of drawings from Exhibit 2, '017 copyright registration (below left), with Furnlite's products (below right on gray surface) demonstrate Furnlite's copying of Metro's drawings.





4

 

9. Likewise, comparison of a drawing of Metro's four outlet thin bezel face plate from Ex. 2, '017 copyright, to Furnlite's thin bezel face plate for four outlets, shows copying, see below:

 

10. Unless Furnlite is enjoined from infringing Metro's copyrights and exploiting its New York goodwill, Metro will be irreparably harmed by loss of sales and potential sales, customers and potential customers, impairment of its New York goodwill, and its market position in the State and City of New York. Further, Furnlite has been unjustly enriched by its infringement, as well as its bad faith misappropriation of Metro's New York goodwill.

## I. PARTIES

11. Plaintiff, Metro Light & Power LLC, is a Delaware Limited Liability Company doing business at 11 Smith Street Englewood, New Jersey 07631.





9. Likewise, comparison of a drawing of Metro's four outlet thin bezel face plate from Ex. 2, '017 copyright, to Furnlite's thin bezel face plate for four outlets, shows copying, see below:





10. Unless Furnlite is enjoined from infringing Metro's copyrights and exploiting its New York goodwill, Metro will be irreparably harmed by loss of sales and potential sales, customers and potential customers, impairment of its New York goodwill, and its market position in the State and City of New York. Further, Furnlite has been unjustly enriched by its infringement, as well as its bad faith misappropriation of Metro's New York goodwill.

## I.     PARTIES

11. Plaintiff, Metro Light & Power LLC, is a Delaware Limited Liability Company doing business at 11 Smith Street Englewood, New Jersey 07631.

12. Defendant, Furnlite, Inc., is a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business at 344 Wilson Drive, Lawndale, North Carolina 28090, USA. Furnlite can be served through its General Manager Rusty Helms at its principal place of business.[3]

## II.     SUBJECT MATTER JURISDICTION

13. Metro incorporates by reference the foregoing paragraphs as well as the paragraphs below in its allegations of subject matter jurisdiction.

14. This Court has subject matter jurisdiction over Metro's copyright infringement claims under 28 U.S.C. § 1338(a).

15. This Court has subject matter jurisdiction over Metro's New York State law claims under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and there is more than $75,000.00 in controversy between them.

16. Alternatively, this Court also has supplemental jurisdiction over Metro's New York State law claims under 28 U.S. Code § 1367 because they arise out of a set of facts that overlap with Metro's copyright claims, which facts form substantial parts of both sets of claims.

## III.    SPECIFIC PERSONAL JURISDICTION

17. Metro incorporates by reference the foregoing paragraphs, as well as the paragraphs below in its allegations of specific personal jurisdiction.

18. Furnlite is subject to specific personal jurisdiction under NY CPLR § 302(a)(1)(2022)(Tortious acts committed in New York) and also section 302(a)(2)(Tortfeasor knows or should know wrongful acts would cause harm in New York).

---

[3] As a courtesy, Metro is emailing a copy of this complaint to Furnlite's counsel promptly after filing in this Court.

6

19. Furnlite posted photographic images of its thin bezel face plate on Furnlite's interactive sales website in 2023. Furnlite's website is used to publicize, offer for sale, and make on-line sales of Furnlite products. The Furnlite images were duplicates of copyrighted photographic images of Metro bezel face plates displayed on Metro's website, or substantially similar to Metro's photographic images, so as to be virtually indistinguishable from Metro's copyrighted material. The infringing images were published, among other places, in this state and district. They were viewed on Furnlite's interactive website by the president of Metro, in Manhattan, in December 2023. The images are infringing copies or infringing derivative images of Metro's copyrights in violation of 17 U.S.C. §§ 106, 113(a), 501.

20. Many of the architecture and design firms Metro deals with and markets to are in this state and district. Upon information and belief, Furnlite products are marketed to one or more of the same firms. Moreover, the Metro thin bezel face plate products and FPDUs are deployed in hotels in the State and County of New York, and upon information and belief, Furnlite is displaying the accused images, derivative images, and derivative products for use, among other places, in hotels in the State and County of New York. Accordingly, Furnlite committed a tortious act in this state and judicial district, subjecting it to specific personal jurisdiction in New York State.

21. Further, sales in the State of New York accounted for about three-quarters of Metro's 2023 total revenue. Metro's sales through its distributor, Mormax, Inc. of Elmsford, Westchester County, New York, constituted over seventy percent of Metro's 2023 revenues. Furnlite knew or should have known that harm suffered by Metro as a result of Furnlite's infringement would fall especially hard on its sales, the majority of which are made in New York. Furnlite knew or should have known that Metro has suffered injury in this state and district due to loss of its New York goodwill.

22. Moreover, Furnlite's sales are nationwide. The number of hotels, architecture and design firms in New York State, and this district in particular, gives rise to a strong inference that Furnlite has marketed and sold products in or for use in New York State (including this district). Upon information and belief, it is logical to infer that Furnlite has displayed infringing images and infringing derivative images, sold infringing derivative products through its website to buyers, in the State of New York, committing tortious acts and knowingly causing harm to Metro in New York State, as well as causing and threatening harm nationwide .

23. In addition, Furnlite's parent company, Group Dekko, Inc. ("Dekko") maintains a sales office in Manhattan. Upon information and belief, infringing images and infringing derivative images as well as infringing derivative products are used in Dekko's Manhattan sales office to market and sell Furnlite's thin bezel face plate products.

24. Metro has invested skill, effort and resources into establishing a market and goodwill among hotels, architecture and design firms in the State of New York, including the County and City of New York, for both its thin bezel face plate products and FPDUs. Metro's engineering, artistic design, and creative ideas, as well as sales of high-quality products, have created goodwill in New York for both its thin bezel face plates and companion FPDU products. Further, Metro's goodwill is also attributable to marketing and sales in New York by and through its distributor Mormax in Elmsford, Duchess County, New York. By relying on its distribution through Mormax, and its work with architecture and design firms in this state, including those in this district, Metro has established goodwill that is its property under New York law. Furnlite has misappropriated Metro's New York goodwill in bad faith for its own advantage to sell a 'copycat' thin bezel face plate product and companion FPDU product. Upon information and belief, Furnlite has misappropriated Metro's goodwill in bad faith to compete with Metro for "design wins" among

hotels and design firms, as well as other thin bezel face plate and FPDU product sales, creating specific personal jurisdiction in this state and district. Furnlite knew or should have known harm would be suffered in New York.

## IV. VENUE

25. Metro hereby adopts and incorporates by reference its allegations in the foregoing paragraphs, as well as those in the following paragraphs of this complaint, in support of its venue allegations herein.

26. Venue in copyright cases is controlled by 28 U.S.C. § 1400(a), which permits a defendant to be sued wherever it may be found. As shown above in "Specific Personal Jurisdiction" and below in the paragraphs that follow, Furnlite's acts in this state, including in this district and division, establish that it is "found" here and has infringed Metro's copyrights here.

27. Venue in diversity cases is controlled by 28 U.S.C. § 1391(b)(2). A substantial part of the property Furnlite misappropriated is Metro's goodwill with Manhattan hotels, architecture and design firms for its Metro thin bezel face plates and companion FPDU products. Further, upon information and belief, Furnlite, directly itself or through Dekko, competes for "design wins" with hotels, architecture and design firms within the Southern District of New York, and particularly in Manhattan, misappropriating Metro's skill, effort and investment, which are a substantial part of the events giving rise to Metro's unfair competition claims.

28. Venue for claims within supplemental jurisdiction is where the federal claims to which they relate have venue.

## V. FACTS COMMON TO ALL CLAIMS

**Metro's Copyrighted Images, Goodwill and Thin Bezel Face Plate Products for FPDUs**

29. Metro incorporates by reference the allegations in the foregoing paragraphs and the following paragraphs in support of all of its claims.

30. Metro's thin bezel face plate was designed by its CEO in 2015. Metro's thin bezel face plate product was inspired by the type of slim, diminutive setting frequently used for solitaire diamond engagement rings. The Metro thin bezel face plate is installed flush to the surface as shown in its images. Images of the thin bezel face plate on Metro's website are protected by Metro's copyrights.

31. Below is a sample display board Metro uses for these products:



32. Metro's products are distributed by Mormax. Mormax's sales in 2023 represented over seventy percent of Metro's 2023 revenue.

33. Metro's thin bezel face plate and companion FPDU product account for about one-third of Metro's revenue.

34. New York City, especially Manhattan, is an epicenter for architecture and design for the hotel industry, including furnishings, FPDUs and face plates for them. Further, Metro

regularly undertakes projects in Manhattan, New York City, which have contributed to its goodwill, for example:

  i. Dior Flagship Store, The Oculus, World Trade Center, NYC, RGB Frames

  ii. Puck Building, Houston & Lafayette Streets, NYC, Lighted Sidewalk Grates

  iii. Elinor Bunin Munroe Film Center, Lincoln Center, NYC, Sidewalk Lighting

  iv. Baccarat Hotel, NYC, Closet and Room Lighting

  v. 1Hotel Manhattan, NYC, Room Lighting and Furniture Power

  vi. Fashion Institute of Technology (FIT), NYC, Lighted Pavers

  vii. Crosby Street Hotel, NYC, Lighted Pavers

  viii. Print Restaurant, Ink 48 Hotel, NYC, RGB Rooftop Reflecting Pool.

35. Additionally, Metro regularly works with the following architecture and design firms located in Manhattan, for example:

  i. INC Architecture, located at 150 Varick St., 5th Floor, New York, NY 10013

  ii. Stonehill Taylor, located at 31 W. 27th St., 5th Floor, New York, NY 10001

  iii. Rockwell Group, located at 5 Union Square W, New York, NY 10003

  iv. Forrest Perkins, located at 115 5th Ave., New York, NY 10003

  v. Gensler, located at 1700 Broadway #400, New York, NY 10019

  vi. HOK, located at 5 Bryant Park, 6th Floor, New York, NY 10018

  vii. HKs Architects, located at 30 West 26th St., 12th Floor, New York, NY 10010

  viii. International Design Concepts, located at 2472 Broadway #125, New York, NY 10025

  ix. Jeffrey Beers International, located at 250 Greenwich St., New York, NY 10007

    x.    AvroKO Design, located at 265 Canal St., #4, New York, NY 10013.

36.    Metro regularly works with lighting design firms in Manhattan, for example:

    i.    Enterprise Lighting, located at 20 W 36th St., #3, New York, NY 10018

    ii.    Focus Lighting, located at 221 W 116th St., New York, NY 10026

    iii.    L'Observatoire International, located at 120 Walker St., New York, NY 10013

    iv.    WALD (William Armstrong Lighting Design), located at 110 W 40th St., #2405, New York, NY 10018.

37.    Metro's products are deployed in many hotels in New York (and elsewhere), as shown by the arrangement of hotel company names on Metro's website, metropowerandlight.com.

## Furnlite's Infringing Images and Derivative Products

38.    Metro first learned of Furnlite's copyright infringement upon being informed by Mormax that Furnlite's "copycat products" had been shown by representatives of Furnite to Metro's customer on a Furnlite display board (depicted below).



39. The substantial similarity between the images on Metro's website, shown above, is also demonstrated by the below comparison of Furnlite's display board (gray, left) and Metro's board (brown, right).

 

40. Furnlite had access to Metro's copyrighted photos, detailed drawings and technical information on Metro's website by at least 2022. Metro's website includes pages marked with the "©" copyright symbol and current year.

41. Furnlite's display board, containing the infringing derivative products, has been shown to customers and prospects since at least since mid-summer of 2023.

42. On August 15, 2023, Metro sent Furnlite and its parent company, Dekko, "cease and desist letters." This led to negotiations between Metro, Dekko and Furnlite.

43. On November 1, 2023, Dekko and Furnlite sued Metro in the United States District Court for the Northern District of Indiana, Ft. Wayne Division, seeking a declaratory judgment that they have not violated Metro's rights under the Lanham Act, 15 U.S. Code § 1125(a). Metro

filed a Motion to Dismiss or Transfer that action, which is fully briefed and pending. The case is stayed pending a ruling on Metro's Motion.

44.     Metro's President recalls seeing images on Furnlite's website of Furnlite's thin bezel face plate, which was identical (or nearly so) to Metro's thin bezel face plate, in or around December 2023.

45.     Because the Metro thin bezel face plate and companion FPDU products have been very successful, Furnlite had substantial incentive to produce competing products by copying images and technical information on Metro's website, metrolightandpower. *See* '0423 copyright and '017 copyright, Exs. 1 & 2. However, since the Metro thin bezel face plate is aesthetic, not functional, and the Furnlite products are copies of, or substantially similar to, Metro's copyrighted images, there is an inference that Furnlite copied the images and products from Metro's website. Moreover, only a copy or very close facsimile, would be able to compete with the Metro thin bezel face plate for customers who have adopted or are considering Metro's design.

46.     When Metro inspected Furnlite's sample product, the Furnlite face plate did not fit together properly with its companion FPDU unit. The products looked and felt "cheap." A picture of Furnlite's sample thin bezel face plate and outlets on Furnlite's FPDU are below on the right:

 

47. Metro has invested its skill, effort, resources, and funds to create high quality, beautifully designed face plates and well-made, reliable FPDU companion products. Metro has developed substantial goodwill with Metro products among hotels, architecture and design firms in the State, County and City of New York. Because Metro was previously the only company making the thin bezel face plate and companion FPDUs, for installation flush to a surface, these products are closely associated in the New York market with Metro.

48. The look and feel of these products also assures Metro's customers that the functional FPDU box and its electrical components are of the outstanding quality Metro is known for in the industry. Metro's products are known to be carefully designed and to have had their functional elements thoroughly tested.[4] Furnlite has misappropriated Metro's goodwill in bad faith by marketing and selling its thin bezel face plates and companion FPDU products in New York.

49. Metro has been damaged by competition from its own designs. Furnlite has been unjustly enriched by its infringement, and Metro has lost profits from sales made by Furnlite which otherwise would have gone to Metro.

50. Furnlite has acted in bad faith and misappropriated Metro's goodwill by its use of Metro's designs and technical information against Metro to make products that look like Metro's products. Metro created the thin bezel face plate, for installation flush with the surface, and it was the only company designing and selling these products until Furnlite started to sell its copies.

---

[4] Metro also has utility patents on several types of components used in certain of its power supply products, including one for 3-way low voltage switching between two units and another for an installation method to facilitate installation of a FPDU in a matter of seconds. These patents are not related to the bezel products here or the electrical components currently sold by Furnlite with those face plates.

Furnlite's marketing and sales diminish Metro's goodwill in the New York market and the poor fit of Furnlite's products may cause potential customers to sour on thin bezel face plates.

## COUNT ONE

### INFRINGEMENT OF U.S. COPYRIGHTS VAu 1-523-017 and VAu 1-523-473 IN VIOLATION OF 17 U.S.C. §§ 106, 113(a), 501.

51. As alleged above, and incorporated herein by reference, Furnlite had displayed on its interactive website, images that were copies of, or so substantially similar to, Metro's copyrighted material in the public domain, there is a presumption that Furnlite copied Metro's images.

52. Further, Metro's copyright registrations are *prima facie* evidence of their validity.

53. The infringement is willful because, upon information and belief, Furnlite deliberately copied from Metro to create Furnlite's infringing images and derivative images in its marketing to promote and sell infringing derivative products (face plates), to compete with Metro using Metro's own designs.

54. Accordingly, Metro has been damaged and continues to be harmed by Furnlite's violation of its copyrights.

55. Further, Metro is entitled to statutory damages, enhanced for willfulness.

56. Metro is entitled to its costs of enforcement, including its attorneys' fees.

## COUNT TWO

### UNFAIR COMPETITION UNDER NEW YORK LAW BY MISAPPROPRIATION OF GOODWILL[5]

---

[5] As stated in footnote 1, and in the complaint the New York misappropriation claim is based on both the thin bezel face plate and the companion FPDU. Metro has not alleged Furnlite copied its FPDU. Metro pleads the state law claim in the alternative to any copyright claim on the thin bezel face plates. *ID Tech LLC v. Bayam Group, Inc.,* 2023 WL 2688290 at *7-8 (S.D.N.Y. 2023)(Discussing and citing to cases on copyright preemption of New York unfair competition claim).

57. As alleged above, and incorporated herein by reference, Metro has developed substantial goodwill among New York hotels, architecture and design firms for its thin bezel face plates and also its FPDUs. Furnlite has acted in bad faith to misappropriate Metro's goodwill by selling a cheaper look-a-like face plate and companion FPDU, to exploit the market and goodwill Metro has created in New York. Further, the cheap appearance and poor fit of Furnlite's products reflect badly on the thin bezel design identified with Metro and Metro's companion FPDU products. Prior to Furnlite's misappropriation, Metro was the exclusive maker of thin bezel outline face plates designed to be installed flush with a surface.

58. Furnlite has engaged in the bad faith misappropriation of the labors, skill, resources, and expenditures of Metro thereby stealing its goodwill and detracting from the reputation for quality Metro has earned in the State of New York.

59. Accordingly, Metro has been damaged by Furnlite's bad faith misappropriation of Metro's goodwill.

**RELIEF SOUGHT**

60. Damages for disgorgement of profits earned by Furnlite from its copyright infringement, and for Metro's lost profits.

61. Statutory damages under the Copyright Act, enhanced for willfulness.

62. Preliminary and permanent injunctive relief against Furnlite's infringement of Metro's copyrights, and/or alternatively, misappropriation of Metro's New York goodwill by Furnlite.

63. Damages for losses that Metro has suffered from Furnlite's bad faith misappropriation of its goodwill.

64. Pre- and post-judgment interest at the highest rates permitted under Federal and State law.

65. Attorneys' fees and expenses incurred in prosecuting this action.

66. Costs including attorneys' fees and litigation expenses under copyright law.

67. Other court costs to which it may be entitled.

68. Such other and further relief to which Metro shows itself entitled.

Dated: May 14, 2024 	Respectfully submitted:

*/s/ Elisha J. Kobre*
Elisha J. Kobre
ekobre@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-9785
Facsimile (214) 939-8787

Danielle Joy Healey
dhealey@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Boulevard, Suite 1400
Houston, Texas 77056
Telephone (713) 212-2697
Facsimile (713) 963-0859
(Pro Hac Vice pending)

*Attorneys for Plaintiff*