

**Outside General Counsel Solutions**

ogcsolutions.com   1 Gatehall Drive, Suite 100 | Parsippany, NJ 07054
201.712.1616 voice | 201.712.9444 facsimile

**ANTHONY J. DAVIS**
ADAVIS@OGCSOLUTIONS.COM

1900 Market Street, 8th Floor | Philadelphia, PA 19102
215.821.9676 voice | 201.712.9444 facsimile

June 6, 2025

450 Seventh Avenue, Suite 2205 | New York, NY 10123
212.972.0786 voice | 201.712.9444 facsimile

**Via ECF**

403 Route 70 East, Suite 203 | Cherry Hill, NJ 08034
201.712.1616 voice | 201.712.9444 facsimile

The Honorable Arun Subramanian, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A, New York, NY 10007

*Defendants oppose the non-party subpoenas on undue burden and relevance grounds. But a "party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."* Universitas Educ., LLC v. Nova Grp., Inc., *2013 WL 57892, at \*5 (S.D.N.Y. Jan. 4, 2013). So the motion to quash is DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 71 and 72.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: July 1, 2025*

Re: ***Metro Light and Power LLC v. Furnlite, et al.***; No.: 1:24-cv-03713-AS

Dear Judge Subramanian,

Defendants Furnlite, Inc. and Group Dekko, Inc. (collectively "Dekko") submit this letter-motion, pursuant to Local Civil Rule 37.2 and Paragraph 5 of Your Honor's Individual Practices in Civil Cases, to quash two non-party Subpoenas (attached) that Plaintiff Metro Light and Power LLC ("Metro") served on icSourcing & Logistics, Inc. and Kevin Cramp. As discussed in detail below, Dekko asks that the Court quash the subpoenas as improper because they seek information that is far outside the single allegedly infringing product that is the subject of Metro's Amended Complaint in the above-referenced action. In short, Metro should not be permitted to conduct an improper fishing expedition for information unrelated to its lawsuit.

A. **Factual Background**

After Dekko filed an action in the Northern District of Indiana seeking a declaration that Dekko did not violate any alleged trade dress rights that Metro asserted in connection with its thin bezel face plate product, Metro filed certain copyrights, moved the case to this Court, and filed a copyright infringement complaint. Metro's current complaint, its Amended Complaint ("Complaint"), was filed on February 14, 2025. (ECF 48). The Complaint alleges that Dekko (i) copied images from Metro's website, (ii) made and sold infringing thin bezel face plates; and (iii) misappropriated Metro's goodwill by selling a cheaper bezel face plate. (*Id.* at ¶¶ 70-87).

Most importantly for purposes of Dekko's motion to quash, Metro's Complaint states that a ***single*** Dekko rectangular face plate product line – its FC-1200 Series – is allegedly infringing on Metro's copyright. (*Id.* at ¶¶ 45-46). During discovery, it has become clear that Dekko sold its FC-1200 Series face plates for a period of only six months in the fall of 2023 through March of 2024, earned only about $4,200 in revenue for those products, and stopped selling them out of an abundance of caution because of Metro's threat of litigation.



The Honorable Arun Subramanian, U.S.D.J.
June 6, 2025 - Page 2

About two weeks ago, however, Metro issued two non-party Subpoenas on icSourcing & Logistics, Inc. and Kevin Cramp (which are product sourcing companies for Dekko) seeking information not just about the FC-1200 Series faceplate, but about every rectangular, square, round, or oval face plate product ever made by Dekko over a five- or six-year period.  Following a meet-and-confer between the parties on June 4, 2025, Metro offered to restrict the scope of its Subpoenas, but still sought information – from 2018 forward – related to a long list of Dekko product lines that have nothing to do with the allegations in Metro's Complaint, including Dekko's products identified as FC-760, -770, -780, -73X/74X, -1600 and -22200.

As noted, in accordance with this Court's individual guidelines, (Paragraphs 5(B)-(C)), lead trial counsel for the parties conferred in good faith (1) on June 4, 2025 at 2pm; (2) for approximately 30 minutes; (3) with the following attorneys:  Anthony Davis (lead), Charles Heiny, and Paul Salvatoriello on behalf of Dekko, and Danielle Healey (lead) and Anna Schuler on behalf of Metro; and (4) where Dekko informed Metro that it would request a conference with the Court on a motion to quash.

### B.  Legal Argument:  Metro's Non-Party Subpoenas Must be Quashed Because They Do Not Seek Information that is Relevant or Material to the Allegations at Issue.

Federal Rule of Civil Procedure 45 provides that: '[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)).  Here, Metro's subpoenas impose an undue burden because they seek information that is neither relevant nor material to Metro's Complaint.

On a motion to quash, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. *DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 564 (S.D.N.Y. 2024) (internal citations and quotations omitted). Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1). *Ibid.* "Relevance" is construed broadly to encompass any matter that bears on any issue that is or may be in the case. *Ibid.* To satisfy that standard, the party seeking information must articulate a concrete linkage between the discovery sought and the claims asserted. *Ibid.*

Generally, courts will quash non-party subpoenas that exceed the scope of the plaintiff's complaint.  *See, e.g., Estate of Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) (non-party subpoena quashed because court found subpoena subjected non-party to discovery that was not relevant to plaintiff's claims); *Lelchook v. Lebanese Canadian Bank, SAL*, 670 F.Supp.3d 51, 55 (S.D.N.Y. 2023) (non-party subpoena quashed because it was grossly overbroad and requested irrelevant information; noting that plaintiffs made no effort to tailor the subpoena to the claims in the action or the relevant time period); and *Hughes v. Twenty–First Century Fox, Inc*., 327 F.R.D. 55, 58 (S.D.N.Y. 2018) (non-party subpoena quashed because it



The Honorable Arun Subramanian, U.S.D.J.
June 6, 2025 - Page 3

subjected non-party to undue burden, emphasizing that Rule 45 is subject to relevance requirement in Rule 26(b)(1)).

Further, courts must be particularly sensitive to the undue burden and significant expense imposed on non-parties, who have no stake in the underlying litigation. Indeed, Rule 45(d)(2)(B)(ii) states that a court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." In that same vein, courts also seek to manage discovery to protect the relationship between non-parties and a party to the litigation. *See, e.g., DoorDash*, 754 F. Supp. 3d at 580 (court emphasizing parties' cooperation regarding non-party discovery to mitigate impact on non-party).

Applying those principles to the present case, even Metro's revised Subpoenas following the parties' meet and confer are not sufficiently tailored to the specific allegations concerning the Dekko product at issue in this litigation. In fact, the demands in Metro's Subpoenas impose an undue burden by requiring the production of documents that are not directly related to the specific allegations of copyright infringement concerning the only product at issue in this case, the faceplate for the FC-1200 Series power unit.

The Subpoenaed documents – dating back to 2018 even though Metro alleges that the sale of the infringing products began in 2023 – are not proportional to the needs of the case. Metro's Complaint focuses only on the faceplates for the FC-1200 Series. Yet, Metro's non-party Subpoenas seek information about *any* products that Metro believes are similar to its own, without limitation and regardless of whether a copyright infringement claim was asserted or even possible. Metro's Subpoenas also fail to consider the expense required of the non-parties or how the Subpoenas will impact the non-parties' ongoing business relationship with Dekko.

In sum, the undue burden imposed by Metro's Subpoenas is clear. The Complaint focuses on one Dekko product – the FC-1200 Series faceplate – but, Metro's Subpoenas demand documents related to a wide array of products never mentioned in its Complaint. That kind of overreach is precisely what Rule 45 seeks to prevent, as it places an unnecessary and disproportionate burden on the subpoenaed parties.

While the Federal Rules of Civil Procedure provide for broad discovery, "courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004). We ask that the Court hold a conference with the parties to dissuade Metro from engaging in their proposed fishing expedition.

Respectfully submitted,
*/s/Anthony J. Davis*
Anthony J. Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METRO LIGHT AND POWER LLC, | CASE NO. 1:24-cv-03713-AS |
| Plaintiff, | Honorable Arun Subramanian |
| v. | |
| FURNLITE, INC. and GROUP DEKKO, INC., | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(1) and 45(b)(1) Plaintiff Metro Light and Power LLC ("Metro" or "Plaintiff"), by and through their attorneys, requests production of documents from icSourcing & Logistics, Inc. in accordance with the enclosed subpoenas.

The materials requested in Exhibit A are to be produced pursuant to the enclosed document subpoena by 9:00 a.m. local time on June 5, 2025, at the offices of Spencer Fane LLP, 3040 Post Oak Blvd, Suite 1400 Houston, Texas 77056, or via FTP, or another mutually agreeable time and place. Additionally, or in the alternative, you may provide them via FTP to dhealey@spencerfane.com and metrolight-dekko@spencerfane.com.

Date: May 23, 2025

*/s/ Danielle J. Healey*

Elisha J. Kobre
ekobre@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2200 Ross Avenue,
20th Floor
Dallas, Texas 75201
Telephone (469) 391-7412
Facsimile (469) 391-7401

Danielle J. Healey (*pro hac vice*)
dhealey@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

1

Anna G. Schuler (*pro hac vice*)
aschuler@spencerfane.com
SPENCER FANE LLP
6201 College Blvd., Suite 500
Overland Park, Kansas 66211
Telephone (816) 292-8862
Facsimile (913) 345-0736

*Attorneys for Plaintiff Metro Light and Power LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Metro Light & Power, LLC | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-03713-AS |
| Group Dekko, Inc., et al., | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     icSourcing & Logistics, Inc. (Agent: Andrew Cramp)
        10631 Oakbend Dr. San Diego, CA 92131

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Spencer Fane, LLP<br>3040 Post Oak Blvd Suite 1400, Houston, TX 77056 | Date and Time:<br><br>06/05/2025 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/23/2025

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/Danielle Healey |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Metro Light & Power, LLC _____ , who issues or requests this subpoena, are:
Danielle Healey, Spencer Fane LLP 3040 Post Oak Blvd, Suite 1400, Houston, TX 77056; dhealey@spencerfane.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:24-cv-03713-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                      *Server's signature*

                                                           _____
                                                                      *Printed name and title*

                                                           _____
                                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**EXHIBIT A**

**I. INSTRUCTIONS**

1.    This subpoena duces tecum seeks documents in your possession, custody or control that are in existence as of the date of service. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

2.    If no documents are responsive to a particular request, please state that no responsive documents exist.

3.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from that file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and in response to which the document or thing is being produced.

4.    Please also include a clear indication of where each document ends and the next begins.

5.    If you contend that you need not respond to a demand herein by virtue of a claim of attorney-client privilege or attorney work product protection, then in response to that particular demand, you should describe the nature of the documents, communications, or tangible things not produced or disclosed.

6.    Each document you produce in response to these requests should include a unique production number. If any document or information is designated as confidential, it must be marked accordingly and will be treated as confidential pursuant to the Protective Order entered in the Present Litigation (attached as Exhibit B).

7.    All questions regarding the meaning or interpretation of these Requests should be directed to counsel for Metro Light and Power LLC.

## II. DEFINITIONS

1.  "You" or "Your" means icSourcing & Logistics, Inc.

2.  "Rusty Helms" means General Manager of Furnlite, Inc.

3.  "Present Litigation" means the lawsuit in the United States District Court for the Southern District of New York, *Metro Light and Power LLC v. Furnlite, Inc. and Group Dekko, Inc. eCardless Bancorp, Ltd., v. PayPal, Inc.*, Civil Action No. 1:24-cv-03713-AS.

4.  "Document" includes "originals" and "duplicates" and has the same meaning as the term "writings," "recordings," and "photographs" as defined in Federal Rule of Evidence 1001, whether or not claimed to be privileged on any ground. "Document" also includes electronically stored information ("ESI"), including the metadata and any nonidentical copy.

5.  "Communication" means the transmittal of information by any means.

6.  The terms "relate," "relate to," "related to," and "relating to" each shall mean all documents and things having any logical or factual connection with the matter discussed.

7.  "Including" shall mean "including but not limited to."

## III. DOCUMENTS REQUESTED

1.  All Documents and Communications from 2019 to 2024 regarding the samples, purchase, or delivery of rectangular or square cover plates (also known as trim plates or face plates) for Furniture Power Distribution Units (FPDUs), in connection with your role as an agent or supplier for Furnlite, Inc., Dekko Group, Inc., or Rusty Helms.

2.  All Documents and Communications exchanged between You and Furnlite, Inc, Group Dekko, Inc., or any of their representatives, including Rusty Helms, Gary Allen, or Dan Hayes, that relate to or reference any of the following:

    a.  Metro Light & Power LLC (also known as Metro or MLP or MP), from 2019-2024;

    b.  Rectangular or square cover plates (also known as face plate or trim plate) for FPDUs, from 2019-2024;

2

      c.   Round or oval cover plates for FPDUs, including Group Dekko, Inc.'s Cove™ products, from 2023-2025;

3.   All Documents and Communications exchanged between You and Rusty Helms from 2019-2024.

4.   All Documents and Communications in Your possession related to Document Request Nos. 1-3 above, including:

      a.   Notes of discussions with Furnlite, Inc., Group Dekko, Inc., and/or Rusty Helms; and

      b.   Internal reports or materials related to Metro Light & Power LLC and/or any of the following product lines: FC-760, FC-770, FC-780, FC-73X, FC-74X, FC-1200, FC-1600, FC-22200 (or 2200), and any related Furnlite products.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Metro Light and Power LLC,

Plaintiff,

v.

Furnlite, Inc.,

Defendant.

24-CV-3713 (AS)

<u>PROTECTIVE ORDER</u>

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

1

a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without

limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.   No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a.   the parties to this action;

    b.   counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.   any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.   stenographers engaged to transcribe depositions conducted in this action; and

    g.   the Court and its support personnel.

6.   All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.   Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

8.   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.   Each person who has access to Discovery Material that has been designated as

Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_____          _____

Dated:                                                         Dated:

The parties agreed to the imposition of the Court's standard protective order at the hearing held on February 12, 2025.

**SO ORDERED.**

_____

ARUN SUBRAMANIAN, U.S.D.J.

Dated:          New York, New York

February 13, 2025

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

X,

    Plaintiffs,

                v.

X,

    Defendants.

_____-CV-_____ (AS)

**NON-DISCLOSURE**
**AGREEMENT**

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

       Dated: _____            _____

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METRO LIGHT AND POWER LLC, | CASE NO. 1:24-cv-03713-AS |
| Plaintiff, | Honorable Arun Subramanian |
| v. | |
| FURNLITE, INC. and GROUP DEKKO, INC., | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(1) and 45(b)(1) Plaintiff Metro Light and Power LLC ("Metro" or "Plaintiff"), by and through their attorneys, requests production of documents from Kevin Cramp in accordance with the enclosed subpoenas.

The materials requested in Exhibit A are to be produced pursuant to the enclosed document subpoena by 9:00 a.m. local time on June 5, 2025, at the offices of Spencer Fane LLP, 3040 Post Oak Blvd, Suite 1400 Houston, Texas 77056, or via FTP, or another mutually agreeable time and place. Additionally, or in the alternative, you may provide them via FTP to dhealey@spencerfane.com and metrolight-dekko@spencerfane.com.

Date: May 23, 2025

*/s/* Danielle J. Healey

Elisha J. Kobre
ekobre@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2200 Ross Avenue,
20th Floor
Dallas, Texas 75201
Telephone (469) 391-7412
Facsimile (469) 391-7401

Danielle J. Healey (*pro hac vice*)
dhealey@spencerfane.com
SPENCER FANE LLP
3040 Post Oak Blvd, Suite 1400
Houston, Texas 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

1

Anna G. Schuler (*pro hac vice*)
aschuler@spencerfane.com
SPENCER FANE LLP
6201 College Blvd., Suite 500
Overland Park, Kansas 66211
Telephone (816) 292-8862
Facsimile (913) 345-0736

*Attorneys for Plaintiff Metro Light and Power LLC*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| Metro Light & Power, LLC | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:24-cv-03713-AS |
| Group Dekko, Inc., et al., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Kevin Cramp
             3054 Walton Pl., San Diego, CA 92116

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Spencer Fane, LLP <br> 3040 Post Oak Blvd Suite 1400, Houston, TX 77056 | Date and Time: <br><br> 06/05/2025 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          05/23/2025

_CLERK OF COURT_

                                                             OR

_____          /s/Danielle Healey
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Metro Light & Power, LLC _____ , who issues or requests this subpoena, are:
Danielle Healey, Spencer Fane LLP 3040 Post Oak Blvd, Suite 1400, Houston, TX 77056, dhealey@spencerfane.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-03713-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                           *Server's signature*

                                             _____
                                                           *Printed name and title*

                                             _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## EXHIBIT A

## I. INSTRUCTIONS

1.    This subpoena duces tecum seeks documents in your possession, custody or control that are in existence as of the date of service. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody, or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

2.    If no documents are responsive to a particular request, please state that no responsive documents exist.

3.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from that file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and in response to which the document or thing is being produced.

4.    Please also include a clear indication of where each document ends and the next begins.

5.    If you contend that you need not respond to a demand herein by virtue of a claim of attorney-client privilege or attorney work product protection, then in response to that particular demand, you should describe the nature of the documents, communications, or tangible things not produced or disclosed.

6.    Each document you produce in response to these requests should include a unique production number. If any document or information is designated as confidential, it must be marked accordingly and will be treated as confidential pursuant to the Protective Order entered in the Present Litigation (attached as Exhibit B).

7.    All questions regarding the meaning or interpretation of these Requests should be directed to counsel for Metro Light and Power LLC.

## II. DEFINITIONS

1. "You" or "Your" means Kevin Cramp.

2. "Rusty Helms" means General Manager of Furnlite, Inc.

3. "Present Litigation" means the lawsuit in the United States District Court for the Southern District of New York, *Metro Light and Power LLC v. Furnlite, Inc. and Group Dekko, Inc. eCardless Bancorp, Ltd., v. PayPal, Inc.*, Civil Action No. 1:24-cv-03713-AS.

4. "Document" includes "originals" and "duplicates" and has the same meaning as the term "writings," "recordings," and "photographs" as defined in Federal Rule of Evidence 1001, whether or not claimed to be privileged on any ground. "Document" also includes electronicallystored information ("ESI"), including the metadata and any nonidentical copy.

5. "Communication" means the transmittal of information by any means.

6. The terms "relate," "relate to," "related to," and "relating to" each shall mean all documents and things having any logical or factual connection with the matter discussed.

7. "Including" shall mean "including but not limited to."

## III. DOCUMENTS REQUESTED

1. All Documents and Communications from 2019 to 2024 regarding the samples, purchase, or delivery of rectangular or square cover plates (also known as trim plates or face plates) for Furniture Power Distribution Units (FPDUs), in connection with your role as an agent or supplier for Furnlite, Inc., Dekko Group, Inc., or Rusty Helms.

2. All Documents and Communications exchanged between You and Furnlite, Inc, Group Dekko, Inc., or any of their representatives, including Rusty Helms, Gary Allen, or Dan Hayes, that relate to or reference any of the following:

   a. Metro Light & Power LLC (also known as Metro or MLP or MP), from 2019-2024;

   b. Rectangular or square cover plates (also known as face plate or trim plate) for FPDUs, from 2019-2024;

2

       c.   Round or oval cover plates for FPDUs, including Group Dekko, Inc.'s Cove™ products, from 2023-2025;

3.   All Documents and Communications exchanged between You and Rusty Helms from 2019-2024.

4.   All Documents and Communications in Your possession related to Document Request Nos. 1-3 above, including:

       a.   Notes of discussions with Furnlite, Inc., Group Dekko, Inc., and/or Rusty Helms; and

       b.   Internal reports or materials related to Metro Light & Power LLC and/or any of the following product lines: FC-760, FC-770, FC-780, FC-73X, FC-74X, FC-1200, FC-1600, FC-22200 (or 2200), and any related Furnlite products.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Metro Light and Power LLC,

Plaintiff,

v.

Furnlite, Inc.,

Defendant.

24-CV-3713 (AS)

<u>PROTECTIVE ORDER</u>

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously nondisclosed material relating to ownership or control of any non-public company;

    c. previously nondisclosed business plans, product development information, or marketing plans;

    d. any information of a personal or intimate nature regarding any individual; or

    e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without

limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.   No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a.   the parties to this action;

   b.   counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d.   any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e.   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f.   stenographers engaged to transcribe depositions conducted in this action; and

   g.   the Court and its support personnel.

3

6.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

8.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.      Each person who has access to Discovery Material that has been designated as

Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_____        _____

   Dated:                                  Dated:
The parties agreed to the imposition of the Court's standard protective order
at the hearing held on February 12, 2025.
   **SO ORDERED.**

_____

ARUN SUBRAMANIAN, U.S.D.J.

Dated:        New York, New York
              February 13, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

X,

Plaintiffs,

v.

X,

Defendants.

_____-CV-_____ (AS)

**NON-DISCLOSURE**
**AGREEMENT**

      I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

      Dated: _____         _____