UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Metro Light and Power LLC,<br><br>                          Plaintiff,<br><br>          -against-<br><br>Furnlite, Inc. et al.,<br><br>                          Defendants. | 24-cv-3713 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Metro Light & Power LLC sued defendants Furnlite Inc. and Group Dekko, Inc. under federal copyright law and state unfair competition law. For the reasons below, the Court GRANTS defendants' motion to dismiss. Metro's motion to amend its complaint is GRANTED IN PART, and its motion for leave to file a rebuttal expert report is DENIED AS MOOT.

## BACKGROUND

Metro sued defendants Furnlite and Dekko for federal copyright infringement and unfair competition in violation of state law. Dkt. 49. The parties are in the business of making electrical outlets for furniture. *Id.* ¶ 4. Furnlite and Dekko are related corporate entities, *id.* ¶ 23, and the Court refers to them collectively as "defendants."

The dispute revolves around a "bezel face plate that is designed to be installed flush with the surface of the furniture." *Id.* ¶ 5. Metro asserts that the face plate is protected by a copyright that defendants' products willfully infringe. The image on the left is Metro's product, and the image on the right is an example of defendants' product:

 

*Id.* ¶¶ 5, 13. The face plate is the portion of the product between the outlet and the surface of the furniture.

After lawsuits were filed in different districts, they were ultimately consolidated before this Court. *See* Dkts. 38, 39, 40. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 52. Metro moved for leave to file an amended complaint, and for leave to file a rebuttal expert report. Dkts. 81, 93.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 299 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). When evaluating whether a complaint clears this bar, the Court must "accept[] all factual allegations in the complaint as true[] and draw[] all reasonable inferences in the plaintiff's favor." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Leave to amend a complaint is given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

### I.    Metro's copyright claim is dismissed

Metro's claim for copyright infringement for an industrial design that incorporates artistic elements is governed by the Supreme Court's opinion in *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017). There, the Court said that "a feature incorporated into the design of a useful article is eligible for copyright protection only if the feature (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated." *Id.* at 409. Metro's face plate fails this test.

The face plates here cannot be perceived as a work of art separate from the useful article—the electrical and USB outlets. To the extent they have artistic value, it is from the role they play bordering the outlet. And even if the Court assumed the face plates could be perceived as a work of art, it is unlikely that a simple rectangular shape would qualify as protectable.

In response, Metro makes a few arguments. First, it argues that although the face plate may fail the *Star Athletica* test, its *photographs* of the face plate on its website do not, and defendants' products are derivative of the photographs. Second, it argues that *Star Athletica* and the cases

applying it were at the summary judgment stage, and that they are inapplicable on a motion to dismiss. Neither argument has merit.

First, while Metro may have a valid copyright over the photographs themselves, it doesn't have a valid copyright over the feature depicted in the photographs, and that's what Metro claims was copied in this case. The Supreme Court rejected exactly this attempt at an end-run around the limitations of copyright protections in *Star Athletica*, holding that one cannot "claim a copyright in a useful article merely by creating a replica of that article in some other medium—for example, a cardboard model of a car." *Id.* at 415. That is exactly what Metro's argument seeks to do, so it fails as a matter of law.

Second, while it may be true that *Star Athletica* and many cases applying it have been at the summary judgment stage, the law is no different at the pleading stage. On a motion to dismiss, the Court presumes the truth of the factual allegations in the complaint, but applies the same law that it would on summary judgment. Metro's copyright claim fails on its face, and it is not entitled to proceed without a plausible claim for relief. *See Vail v. City of New York*, 68 F. Supp. 3d 412, 431 (S.D.N.Y. 2014) ("The fact that Plaintiff needs discovery to adequately state a claim . . . is tantamount to an admission that he has, thus far, failed to state a . . . claim.").

## II.    Metro's unfair competition claim is dismissed

In addition to its copyright claim, Metro raises a claim for unfair competition under New York law. Defendants argue that this claim is preempted by federal copyright law. The Court assumes without deciding that the claim is not preempted and holds that it fails on the merits.

"The essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (cleaned up). To state a claim, "the plaintiff must show either actual confusion in an action for damages or a likelihood of confusion for equitable relief" as well as "some showing of bad faith." *Id.* at 35.

Metro's pleading on the state claim is conclusory. It does not allege any facts that would give rise to a claim that there is actual or even a likelihood of confusion. The photos in the complaint do not show anything that could deceive a reasonable consumer into thinking defendants' product was manufactured by Metro. There are no markings or any other connection to the Metro brand. Seemingly the only commonality is the existence of a face plate as a border. But such a trivial element is insufficient to show a likelihood of consumer confusion.

Even assuming that Metro has "developed substantial goodwill" from its products, Dkt. 49 ¶ 56, Metro has not alleged any facts suggesting it is the *face plate* that is linked to the goodwill. Instead, it simply says in conclusory fashion that the face plates are "closely associated in the New York market with Metro" because it previously lacked competition from defendants. *Id.* ¶ 58. But "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of a

claim for unfair competition are insufficient. *Iqbal*, 556 U.S. at 681 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the complaint fails to plausibly allege defendants' bad faith. Metro pled itself out of court by choosing to include in its complaint photos showing that defendants explicitly display their own company name next to their products when marketing to customers. Dkt. 49 ¶¶ 45–46. To the extent that there was any goodwill in a simple face plate, Metro's operative complaint demonstrates that defendants' sales displays tried to showcase their own brands, rather than riding on Metro's coattails.

That defendants' executives allegedly took photos of Metro's products does not give rise to an inference of bad faith, nor does defendants' attempt to create a competing product. *Id.* ¶¶ 51–52. That's just competition, not *unfair* competition. After all, the "[d]evelop[ment] [of] a new product in an attempt to compete with another company's product is . . . the essence of competition." *Com. Data Servers, Inc. v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 50, 79 (S.D.N.Y. 2003). All Metro has shown is that defendants were aware of its products and sought to compete with them—nothing more.

And even if Metro's factual allegations were well-pleaded, Metro still fails to assert a plausible claim for relief. For this claim to survive, the Court would need to accept that consumers could name the brand of their electrical outlet and associate a faceplate with a company in particular. "[E]ven if the complaint contains sufficiently well-pleaded allegations, only a complaint that states a plausible claim for relief survives a motion to dismiss. A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (cleaned up). Here, the suggestion that customers would associate a thin border face plate on an electrical outlet with a company is fanciful. It defies belief that consumers would associate a faceplate for an electrical outlet lacking pictorial, graphic, or sculptural qualities with one company in particular. In short, it is not plausible that consumers associate the face plate with Metro. The state unfair competition claim thus fails.

## III.    The Court grants Metro leave to amend

The final question is whether Metro should be granted leave to amend. Metro moved to amend its complaint, citing the evidence it has gathered so far in discovery. The Court grants leave to amend for a limited purpose.

Although Metro's claims for infringement based on the sale of defendants' products are fatally flawed, and any amendment would be futile, Metro's proposed amendments also cite alleged illegal copying of the images from its website onto defendants' servers and into their sales documents. *See* Dkt. 83-3 ¶¶ 85 (alleging that images were "copied into the memory" of a Dekko executive's computer), 86 (alleging that defendants' corporate representative "downloaded images from the Metro website"), 99 (alleging that several copyrighted images were downloaded by defendants' employees or agents). Those claims could survive, depending on the facts.

4

While the allegations that defendants copied Metro's face plates into competing faceplates are not cognizable under *Star Athletica*, allegations that defendants copied the images themselves could be unlawful copying. *See* 17 U.S.C. § 106(1) (giving the copyright holder the exclusive right to "reproduce the copyrighted work in copies"). Although some of defendants' conduct might constitute fair use, defendants have not explained why that defense would be applicable, nor is fair use typically adjudicated on a motion to dismiss. *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) ("Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss."). The Court thus grants Metro leave to amend, under the condition that the second amended complaint focus on the copying of images. So Metro can proceed with alleging that defendants copied images onto their computers, into their sales presentations, and similar claims. That could constitute copyright infringement. But the creation of faceplates that might resemble the images is not cognizable after *Star Athletica*.

In sum, amending any counts related solely to the *sale* of the faceplates would be futile. Any copyright claims would be barred by *Star Athletica*, and the state-law claims would run into the fatal flaws identified above. To the extent Metro has a case here, it has to be grounded in misconduct related to the allegedly copyrighted photos of Metro's product line, not defendants' sale of the faceplates.

## IV.     The motion for leave to file a rebuttal expert report is moot

Finally, the Court denies as moot the motion for leave to file a rebuttal expert report. That's because the proposed report pertains only to claims that the Court has already held cannot survive a motion to dismiss.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Metro's motion to amend its complaint is GRANTED IN PART, and its motion for leave to file a rebuttal expert report is DENIED AS MOOT. Metro may file an amended complaint within 21 days of this order.

The Clerk of Court is respectfully directed to terminate Dkts. 52, 81, and 93.

SO ORDERED.

Dated: March 11, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

5